We'll be proceeding now in our next case, United States v. Tredarius Keene. Mr. Baudinet, when you're ready. Or is it Baudinet? Oh, Baudinet. Okay, thank you. Good morning. Michael Baudinet on behalf of the government. May it please the court, as both this court and the Supreme Court have recognized, when a federal criminal statute incorporates another state or federal offense, Congress may have intended for either a categorical or a conduct-based, circumstance-specific approach to apply. The text, purpose, and legislative history of the VICAR statute compelled the conclusion that a circumstance-specific and not a categorical approach apply. The text of VICAR identifies specific kinds of violent criminal conduct, including murder, kidnapping, assault with a dangerous weapon, and it makes those federal crimes, when committed under a narrow set of circumstances by members of criminal enterprises engaged in racketeering activity. It then has a second requirement that the criminal conduct also violate another state or federal's law. The most natural reading of this text is that the language focuses on the specific criminal conduct of the defendant. This text and structure are similar to another statute, the federal terrorism statute, 18 U.S.C. 2332b, which this cited as an example of a circumstance-specific statute. These two statutes are markedly different than those statutes and sentencing guidelines provisions that take a categorical approach. Rather than prescribing specific criminal conduct, as VICAR and the terrorism statute do, these other statutes, like the crime of violence statute, 18 U.S.C. 16, define a class of offenses. And when read naturally, the reference to classes of offenses focuses on the nature of the offense as generally committed. Can I interrupt you? You are arguing that the circumstance-specific approach applies, but it sounds like from your, it sounded to me, and I may have misunderstood, it sounded to your briefs, that you were still focusing on the elements in the analysis that you say the district court should have gone through. And so, yeah, and I don't want to get too caught up in labels, but it seemed to me that you were arguing, you look at the elements of generic assault with a deadly weapon, you look at the elements of Virginia brandishing, and I think you say you charge both of them. And maybe I'm a little confused in it, but it looked to me like you were saying circumstance-specific applies, but then using the elements and determining the analysis. Maybe I didn't understand your argument properly. I think I can clarify that. What we're asking this Court to hold is that a circumstance-specific, not a categorical approach applies. Therefore, it is a question of fact for the jury to determine whether the elements of both offenses have been met. I got you. The brief sets forward the elements of both offenses for two purposes. If you think of VICAR as a Venn diagram, we have conduct that meets the generic definition. We have conduct that meets the state statute. Where they overlap, that's, when that conduct overlaps, that's what VICAR is to show that there are such similarities between the two statutes to begin with that there's certainly going to be conduct that overlaps between them. But more importantly, it's to show that as a matter of policy and a matter of fairness to the defendant, the government is trying to match a state statute as closely as possible to the generic offense. And these two statutes are pretty close. Let me, because I had the exact same question as Judge Quattlebaum. So right now is where I'm not understanding why it matters. If your position is that the only question in this case is whether the defendant's actual conduct met the elements of both offenses, why do we care if the two offenses are close? Why? It seems to me that what you did was maybe backslide a little bit in the beginning. And I and you give us logical reasons why. And then you talk about why they really match up. Well, then why does it matter whether they match up? As a matter of law, it does not matter. But as a matter of discretion and to ensure fairness to the defendant, we're not, the government is not trying to stretch the law. And that's where the VICAR manual that the appellees cite in their brief comes into play. The government is trying, again, as a matter of fairness to the defendant, to match the statutes as closely as possible so the defendant is on notice. But that is not what the requirement of the law is. If you're right, why would the district court need to charge generic assault with a deadly weapon? Why wouldn't that be a matter that the judge does as a matter of law? And if the elements of that generic offense fall within the purview of the predicate statute here, Virginia brandishing, why would you need to charge both? Why is one the, why did, it seems to me that, or I was wondering whether it would be sufficient to charge the predicate statute so long as there had been a determination that the generic assault with a deadly weapon was within its purview? The Second Circuit addressed this question in Carrillo, and the answer there was that it would be an abuse of discretion for the judge not to charge both the elements of the narrower offense if it resulted in prejudice to the defendant. And in the situation you've outlined here, there would be no prejudice to the defendant. It would be a harmless error. We're going, we got to, if we have some sympathy toward your argument, we, you know, we hadn't addressed this particular statute, so it's important perhaps for us to give some guidance. I mean, in a situation like this with this statute, is it your position that you do need to charge the generic offense elements or you do not? It is our position that, yes, we, a properly, a jury properly instructed would be charged with both the elements of the generic and with the state predicate. To be clear, it doesn't need to be set forth, all the elements don't need to be set forth in the indictment, and Carrillo addresses that as well. But in Carrillo, that's what happened, right? The court charged the jury on both the vicar and the other crime. Isn't that correct? My recollection of what happened in Carrillo was the court only charged the generic and did not charge the state predicate. I'm sorry, but did not charge, did not charge, that's right. But the court found that it was harmless. In that case, there was no prejudice. I just want to make sure, so the basic idea is, right, for Sixth Amendment purposes, the jury has to find that the defendant's conduct violated all of the relevant elements when you smush these two statutes together. Exactly. The safest way, obviously, is going to be, well, better just charge on both. But if there's a mistake, the courts are going to analyze whether the narrower element was found. But the underlying question is going to be, did the jury find all the relevant elements? That's exactly right. Okay. Can I ask you a question? It turns out I'm like the preservation person today. I apologize. But it seemed to me, and I went back, I'm not sure it was in the appendix, but I went back and looked at the briefs before the district court and the argument. And it seemed to me that before the district court, the government was at a minimum emphasizing sort of this second argument that, look, if you put the elements together, it's a substantial match. And that's all that's required. We don't need perfect. It was sort of a gloss on the categorical approach. Maybe the elements don't match perfectly, but they match substantially. They're substantially similar, and that is enough. And ask the district court to apply that standard. District court applied that standard and found that there wasn't a substantial match. Has this been, what you are now saying the government's is, was that preserved below? Did you argue to the district court? Look, it doesn't matter if the statutes are a match on the elements. What matters is whether the defendant's conduct violated both statutes. Yes. Below in the district court, the government made clear that the categorical approach does not apply. It said that, but then it said, instead, ask whether there is a substantial match between the elements. Ask whether the elements are substantially similar. And that's what the district court did. And I don't understand why the government below thought that that was not the categorical approach, because you are right. The government both said the categorical approach doesn't apply, and then it said, instead, ask whether the elements are substantially similar. I don't know how to make sense of that, but I'm concerned about faulting the district court for not figuring out that what you really meant is what matters is did the defendant's conduct violate both statutes. Again, the government was trying to emphasize to the district court that these two statutes were close, and therefore, the conduct that the defendants are alleged to have committed and that would have been proved up at trial would have fit within both of them. You're confident that if I go back and look again, I'm going to find some sentence where the district, I'm sorry, the government says to the district court, look, what matters is whether the defendant's actual conduct meets the elements of both offenses. Because I couldn't find that, and so I'm very concerned that the district court applied the standard you asked the district court to apply, and for us to then say, well, that was the wrong standard, seems to sort of sandbag the district court a little. I'm not certain that the precise phrase that you used, Your Honor, would be found. I think the principle is clear from what we asked the district court, that not to apply the circumstance, I mean, not to apply the categorical approach. You did ask the district court to analyze whether the offense elements were substantially similar. We did below present to the district court the elements of both offenses and allow and ask the district court to compare both. But again, that was for the purpose of demonstrating that there would be overlap between the conduct prohibited by both statutes. If I might, I'd like to talk briefly about the purpose of the statute and why that also is important in understanding why this is a circumstance-specific statute. VICAR is not a catch-all violent crime statute. Rather, as this court observed in IALA, it targets individuals who commit certain kinds of violent crimes to enhance their standing in the state. Therefore, it's targeting a limited number of acts and only in certain narrow circumstances tied to racketeering activities. As this court recognized in Price in the context of SORNA, VICAR's targeted purpose weighs in favor of a circumstance-specific approach. Finally, the legislative history shows that Congress intended VICAR to complement RICO, as a number of circuits have held, and therefore be interpreted broadly so as to effectuate its very specific purpose. Congress could not have intended to prevent the federal prosecution of members of criminal enterprises engaged in murder, kidnapping, assault with a dangerous weapon, merely because the state statute that criminalized that very conduct was written more broadly to encompass other kinds of conduct as well. In this case, the government charged the defendants with VICAR assault with a dangerous weapon, committed in violation of the Virginia Brandishing statute. Because a properly instructed jury could find that the defendant's conduct, as set forth in the indictment, met all the elements of both generic assault with a dangerous weapon and Virginia Brandishing, it served as a proper state law offense under VICAR. Therefore, it is a question of fact for the jury, and therefore this court should reverse the district court and reinstate counts 4, 8, and 14 of the indictment. If there are no further questions, the government rests. Mr. Boudinet, I want to get back to Judge Harris's point about what you said in the district court, because you were asking the district court to compare the generic offense to brandishing, weren't you? We did ask the court to conduct that analysis. What does that mean other than categorical approach? Again, it was not strictly as a matter of law, but as a matter of demonstrating to the district court in advance that there would be scenarios in which the conduct criminalized by Virginia Brandishing would line up because of the closeness of the statutory elements. But why would any of that matter if it's a circumstance-specific approach? It was not a strictly necessary test for the district court to undertake. It was the only one you offered the district court. I mean, I'm looking at your brief, and at least in the briefs before us, you made both arguments, and you have helpfully explained how they fit together. But before the district court, you only made the second one. What matters is whether Virginia Brandishing meets the generic definition of federal assault with a dangerous weapon. In making that determination, a court must determine whether the state offense, regardless of how it is labeled, corresponds in substantial part to the violent conduct. I mean, I just, and so that's what the district court did. And you disagree with the way the district court resolved that question, and I understand that. But I guess I will just reiterate my concern. You know, I can kind of assume hypothetically I might agree with you on the reading of the statute, but I am concerned that this was just not presented below. My time is up. May I respond? Your Honor, I think it was clear below that the government was not asking the district court to apply a categorical approach. Thank you. All right, sir. Thank you. Mr. Beers. Thank you, Your Honor. May it please the court. My name is Paul Beers. I'm in private practice in Roanoke. I represent below in this pending criminal prosecution, Jail and Terry. Also here with me are legal representatives, lawyers for the other individual defendants. They range from lawyers from Richmond to Big Stone Gap. I argued this issue below, and they graciously allowed me to argue it on appeal. Judge Urbanski got this right. It's absolutely true that they did not, I mean, below the government argued, they said, well, the categorical approach doesn't apply. They did say that, but then they turn around and say the issue is comparing the elements and make sure there's a substantial match. And they've tried to move from that argument on appeal. But below that was their argument. I never understood that argument because that sounds to me like the categorical approach. The government doesn't like the categorical approach, but that's essentially what they were doing. They're calling, asking the judge to compare the elements. That didn't go well, so on appeal they've come up with this completely different argument that we should have a circumstance-specific approach or conduct-based approach. That's a different argument. It wasn't preserved below. But it's also wrong. It's wrong, and why this is, I think this is such an easy case and straightforward case, is they've stipulated below and on appeal. They're consistent. And I agree with them that Vicar, those violent felonies listed in Vicar are generic. Congress meant for them to be viewed generically. Murder, kidnapping, crime of violence, assault with a deadly weapon. So we start from that joint stipulation of the parties that Vicar is supposed to be read generically, those offenses. Because of that, we know the categorical approach applies. And the Supreme Court has said that repeatedly, for example. But you're saying that any time there is a federal generic offense, you have to use the categorical approach. That wouldn't be correct, would it? It would be correct, Judge, particularly when you're asked, when the nature of the statute asks you to compare the federal generic offense to an underlying predicate. Does the statute ask for comparison? Yes. You've committed the felonious assault in violation of Virginia brandishing. That's what it says. It just seems to me that when you look at the language in the Vicar statute, you don't have the things that the Supreme Court was concerned about. You don't have the verbal statutory indicators, if you will. They didn't use the question of element. It wasn't a crime by its nature. They didn't refer to convictions generally. All those comparative terms and general terms that the Supreme Court said, look, we've got to be fair to a defendant. Certain defendants are going to be swept into this net unfairly if we don't parse these crimes element by element. But you don't have that here because there's nothing in the Vicar statute that uses those words that the Supreme Court was relying on in DiMaia and was relying on in Davis. Thank you for the question, Your Honor. Judge, if this is a generic statute, the categorical approach necessarily applies. I think the Supreme Court has said that. It says in Moncrieff, it cited three times in my brief, when we say generic, we mean the offenses must be viewed in the abstract to see whether the state statute shares the nature of the federal offense that serves the point of comparison. All right. And this Court, sitting en banc in Sims just less than a year ago, although the categorical approach may be complicated, the rationale is simple and long established. If Congress has conditioned a statutory penalty on an offense generally rather than on specific acts, courts must consider the crime as defined rather than the offender's conduct. That's the point. You look at the statute to determine whether it's conduct-related. Yes, Your Honor. There's some statutes that may be more explicit in referring to conduct in this one. I'll grant you that. We and other courts have held those result in the circumstance-specific applying. There are certainly others that suggest the other way, the language that Judge Keenan was talking about. It seems to me this doesn't really fall specifically in any of that, but when you look at subsection A, the various aspects, they're in action format, they're in verbs. I think it's fair to look at that as conduct-related. I get the other argument too, but subsection A is talking really about verbs in action more than offenses. Yes, Your Honor. Your Honor, I think that they have stipulated themselves out of that argument. That may be. Maybe the facts here with the stipulation and what's preserved are our issues, but the statute seems to be maybe less helpful to you than their stipulation. Two points, Your Honor. Thank you for the question. One is if this is a generic statute, they say that, and I agree. It's supposed to be considered generically. The categorical approach necessarily applies. They point to no case by this Court or any other finding that a categorical approach does not apply to a generic statute. But that could just be because in the other statutes that have been reviewed that use the generic offenses, the statutory text compels a categorical approach. I don't think we've ever said or the Supreme Court has ever said whatever the statute appears to contemplate, if it uses a generic offense, that means you have to do the categorical approach. Well, Your Honor, I think I'll just refer you, please, to page 15 of my brief where I think both the Supreme Court has said that and this Court's sitting en banc. If it's a generic statute, we need to apply the categorical approach. The quote you read from— Yes, Your Honor. I don't have it in front of me, but it started by saying, look, where the statute requires that we compare offenses and we're using a generic form of the offense, that's categorical. That's fine. But this statute doesn't require a comparison of offenses. It requires that this kind of—these acts—murder, kidnap, assault—be committed in the course of violating some state law. That's a conduct emphasis. We have to interpret the particular statute in front of us, and those decisions in DeMaio and Davis were tethered to the statute in question. It had certain phrases that compelled the conclusion that the categorical approach applied, and where are the phrases in Vicar that compel the conclusion that the categorical approach applies? Yes, Your Honor, because they've listed generically a number of offenses, including crime of violence, which we know has to be interpreted categorically. It's not in front of us because he wasn't charged with that. Well, it's—all right, but we're just construing the statute. Crime of violence occurs twice. I think you might have a really good argument if that's what he had been charged with, or arguably I think you'd be in much stronger footing if he'd been charged with threatening to commit a crime of violence in violation of any law. But you have here a particular felonious assault. But there's no language that would remove this from the categorical approach. For example, they point to this terrorism statute never raised in their reply brief, which is— You're assuming the categorical approach, aren't you? With a generic statute, yes, Your Honor. But this statute is not entirely generic. I mean, you could argue that maybe the in-violation of laws committing a crime of violence is generic, but that's not what he was charged with. He was specifically charged with assault with a dangerous weapon or felonious assault. Nowhere does this statute, Your Honor, use the term, such as the statute they want to talk about, the terrorism statute 18 U.S.C. 2332b, which starts off, whoever involving conduct transcending national boundaries and circumstances described in subsection b. Now, that statute talks right out of the gate, Your Honor, about involving conduct, and then it talks about circumstances, and it lists all these circumstances. Now, they point to that. There is an example, they say, of a circumstance-specific statute. But that's completely different. To Judge Quattlebaum's point— Yes, Your Honor. —isn't this conduct? Murders, that's conduct. Kidnaps, that's conduct. Well, all crimes are conduct. Section 924c— Right. But the choice of — the decision of Congress, I think, was his point, to use the verb, the action word, the conduct, as opposed to using a crime. Of course, 1959 doesn't talk — doesn't say the word conduct, doesn't say circumstance like the statute they're pointing to. Well, it does start with a bunch of very fact-specific circumstances. Sure. I mean, which also is different from the other statutes, at least that I have looked at. Well, Section 924c, we know from Justice Gorsuch's opinion in Davis that Section 924c is absolutely subject to categorical approach. It too — all statutes start off with some circumstances. That statute says, during any person who, during in relation to a crime of violence. So you already have to have someone who, during in relation to a crime of violence, carries and uses a firearm. There are circumstances of every statute. There has to be some purpose language. It's no different here. This starts off by saying any — whoever, in order — Let me — let me — Yes, Your Honor. Let's assume that the right approach is to charge the elements of generic assault with a deadly weapon and charge the elements of Virginia brandishing. Is there anything unfair about that to your client? Is there any prejudice to your client? A lot of these — we've gotten to this because either there's questions of vagueness or there's questions of a risk that a defendant could have an enhanced penalty by virtue of a prior offense that was broader and he might have gotten swept up into something that he didn't actually do. I mean, we can debate and I think we understand your argument about the statute, but is there any actually policy reason or unfairness to your client with the approach that the government advocates here today? Absolutely, Judge. Well, what is it? The unfairness is that he's entitled to only be charged with an offense that the district court is sure matches the elements of generic assault with a deadly weapon or generic — Why does it have to match? Because that's Congress's intent. It's a question of statutory interpretation. Congress only wants — What is the language that suggests that it has to match? It has to — well, again, Your Honor, it has to match because the legislative history — In other words, one crime can also be another crime without them being a match. Isn't that correct? One crime can also be another crime — Yeah, sure. The same conduct might end up — you can incriminate yourself two ways through a single course of conduct. Conduct can violate two different statutes. Yes. Same conduct. Yes, Your Honor. That is true. And if the jury is charged on both. Because I thought you were starting to say, look, my client has a right to have a finding that he committed the elements of assault with a dangerous weapon. But if a jury is charged on both, you have to find that this defendant did X and you also have to find that the defendant did Y in the same course of conduct. It's all contemporaneous. We're not looking through any old records or making assumptions. What is the perceived unfairness of that? The perceived unfairness is the same problem. That's exactly the government's argument in Davis. It was rejected. But in Davis, we said, look, if the statute says clearly and unambiguously, you have to apply the categorical approach. And that's what we're doing, even if we can't think of any policy reason why that would be a good idea. But I think what Judge Quattlebaum's question was, went to the idea of, assume for a moment we have a clear and unambiguous command to apply the categorical approach. Is there any policy, are any of the policy justifications for that approach implicated here? Yes, the policy, Judge, particularly when an indictment is challenged pre-trial, is to ensure that there's a categorical match between these federally generic crimes and various state crimes, various state crimes. And that's the role of the trial judge. And this trial judge did exactly what they asked him to do. He compared them, and he found there's not a substantial match. And for purposes of uniformity, we want to make sure that people don't have to face trial when there's not a categorical match. You know, it seems to me that the defendant is almost in a better position if the jury has to find, in order to convict him under Vicar, the jury has to find the elements of both the federal crime of assault with a deadly weapon and brandishing, because the failure to prove one element of either of the two crimes results in an acquittal. It seems like the defendant receives an advantage under the circumstance-specific approach, at least as to the elements of the crime, doesn't he, in terms of the burden of proof on the government? Right. Of course, we're not talking about jury instructions here, Judge. We're talking about what he's charged with. He's at a disadvantage. Right, but I'm talking about a disadvantage. We've been talking about how the defendant is suffering a constitutional deprivation or a legal disadvantage by applying the circumstance-specific approach as opposed to the categorical. I think what we're trying to do is carry out congressional design, legislative intent, and the Supreme Court's jurisprudence on a categorical approach, and he's at a disadvantage if he can just be, they can just say, well, assault with a deadly weapon generically, and just pick any statute, without ensuring there's a real match between the state elements and the federal generic elements. He's at a disadvantage if he faces trial under any other circumstances. All right. If there are no further questions, this concludes Eppley's argument. Thank you very much. All right. Thank you, sir. Thank you. Mr. Beaudenay? I think after hearing counsel, Mr. Beers, at least I can say that I'm left with a real concern that you led the district court down the wrong path. Could you address that before you get into the balance of what you have to say? Your Honor, the district court held that as a matter of law, the categorical approach applied to Vicar. For the reasons that have been identified here that Your Honor has identified during your questioning, that conclusion was incorrect, and we would ask this court to so hold. But that doesn't address the question that Judge Keenan asked you. We may agree with you, may not agree with you, but what you did, what the government did below matters. So I think we're all kind of wanting the best answer that you can give us as to whether you have the conduct or the arguments below caused the district court to do exactly what it did. The government was clear in the district court below that the categorical approach was not the right framework to apply. And the district . . . The purpose . . . The state offense corresponded to the federal generic. When Vicar is looking at two different types of conduct, conduct that falls within the generic, conduct that falls within the state offense, that conduct is going to overlap where there are elements that match. That was what the government was pointing to the district court. I feel like maybe everyone got off track a little bit because of that opinion in the Lee case, L-E, am I saying that right? Where the district court said, I'm applying the categorical approach, but it doesn't have to be a perfect match. It's enough that there's a substantial match. And so it really looks to me like . . . And I'm not blaming anyone. Perfectly reasonably, the government came into district court with the Lee decision and said, you should do this. It's a categorical approach, but it doesn't have to be a perfect match. It's enough that it substantially track the common law definition. And that's what the district court did. And I'm really not faulting anyone in this picture because the Lee decision is right there. But I just, I am concerned that this just kind of went off track. Your Honor is correct that the Lee decision was an important part of the government's argument below. The government doesn't concede that Lee said the categorical approach applies. There is a footnote. I agree that I've spent way too much time on this. I agree that above the line, it's not exactly clear what the district court is doing, but below the line, there's a footnote saying like, look, we can't apply a conduct specific approach to this statute. We can't do that under Taylor. So we're stuck with this categorical approach. Judge Schreiber, in this case, if the jury is charged on both, a conduct, a circumstance specific approach would enable the jury to find that the elements of both have been met. And that is sufficient under the statute. Thank you. All right, sir. Thank you. We'll come down to Greek Council now, and then we'll proceed to call our next case. Thank you.
judges: Barbara Milano Keenan, Pamela A. Harris, A. Marvin Quattlebaum Jr.